# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| United States of America,        ) | |
|          ) | |
|     Plaintiff,     ) | Criminal No.: 4:01-120-2 |
|          ) | |
| vs.             ) | |
|          ) | |
| Mark Drew,               ) | **ORDER** |
|          ) | |
|     Defendant.   ) | |
| _____) | |

On October 5, 2004, the defendant filed a motion pursuant to Rule 35(a) to correct his sentence. On November 24, 2004, the government opposed the motion. This matter is now before the Court for disposition.

The defendant filed his motion to correct his sentence pursuant to Rule 35(a), which requires that any such motion to correct a sentence be filed within 7 days of sentencing. Fed. R. Crim. P. 35(a). Here, the Court sentenced the defendant on August 27, 2001, over 3 years before this motion. This motion, therefore, is untimely.

In his motion, the defendant alleges that his sentence violates the principle set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004). Recently, the United States Supreme Court reaffirmed that principle. See United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). Here, the defendant's case has run its course and his conviction and sentence became final in 2001, well before Booker was

issued, and its approach therefore does not apply here.

The Court therefore denies the plaintiff's motion to correct his sentence.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 11, 2005
Charleston, South Carolina

2